IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-00006-RLV-DCK

| | |
|---|---|
| DARLENE SUE SACCO,<br><br>      Plaintiff,<br><br>      vs.<br><br>BANK OF AMERICA, N.A., Successor by Merger to BAC HOME LOAN SERVICING, L.P.,<br><br>      Defendant. | **RESPONSE TO MOTION TO DISMISS** |

**COMES NOW** Plaintiff by and through its undersigned counsel and in response to Defendant's Motion to Dismiss respectfully shows this Court the following:

## DEFENDANT'S FIRST ARGUMENT: PREEMPTION

Defendant's summary of preemption law is scholarly, but incomplete. Where the Constitution has set out the idea of preemption, our Supreme Court has cautioned that preemption should be uncommon and not lightly wielded.

> [T]here is a "basic assumption that Congress did not intend to displace state law." *Wyeth v. Levine, 555 U.S. 555, 129 S. Ct. 1187, 1194, 173 L. Ed. 2d 51 (2009)*; *Maryland v. Louisiana, 451 U.S. 725, 746, 101 S. Ct. 2114, 68 L. Ed. 2d 576 (1981)*; *S. Blasting Servs., Inc. v. Wilkes Cnty., 288 F.3d 584, 589 (4th Cir. 2002)*. The States' police powers are not to be superceded by federal law "unless that was the clear and manifest purpose of Congress." *Wyeth, 129 S. Ct. at 1194-95 (2009)*; *S. Blasting, 288 F.3d at 590*.

*Meluzio v. Capital One Bank (USA), N.A.*, 2012 U.S. Dist. LEXIS 33186 (N. D. W. Va., 2012). In the case *sub judice* not only is there no purpose of Congress to preempt state law, but the Dodd-Frank Act, 12 U.S.C. § 5301, *et seq.*, is explicit about not preempting the state law at issue. In *Meluzio*, *Id.*, the Plaintiffs brought suit against Capital One, which is a National

Association bank same as the Defendant in the instant case. The facts were very similar, involving collection calls for debt that was protected by the bankruptcy filing as well as warnings and notice that the debtor was represented by counsel. The Bankruptcy Court followed the reasoning in two cases, *Lomax v. Bank of America, N.A.,* 435 B.R. 362, 369-70 (N.D.W. Va., 2010) and *Frye v. Bank of America, N.A.,* No. 3:10CV47, 2010 U.S. Dist. LEXIS 83969, 2010 WL 3244879, at *7 (N.D.W. Va. Aug 16, 2010). The District Court overturned the Bankruptcy Court decision stating that Virginia's Consumer Protection laws were not preempted by the National Bank Act. The same reasoning should apply to the case at bar and the Honorable Judge Keeley presents a short treatise on the matter in her opinion.

Locally, the Middle District of North Carolina has weighed in on this decision in February of this year. The Court in *Community State Bank v. Knox*, 2012 U.S. Dist. LEXIS 13209 (M. D. N. C., 2012) cited an Eastern District case for the proposition that the National Bank Act does not preempt these types of state collection claims:

> In this case, Defendants contend that Plaintiffs' claims are completely preempted by the NBA and the FDIA because out-of-state banks were the named lenders in the loans at issue. This court has previously rejected the identical argument as it applies to national banks and the NBA. *See North Carolina ex rel Cooper v. ACE Cash Express, Inc.*, No. 5:02-CV-69-F(3) (E.D.N.C. May 14, 2002). In *ACE Cash Express*, this court concluded that **an unnamed party's status as a national bank could not provide a basis for federal question jurisdiction over state claims asserted against the named defendant**, a payday lender. *Id.* at p. 2-4. Defendants have not cited, nor has the court found, any persuasive authority which would cause the court to reach a different conclusion. Defendants' arguments with regard to complete preemption and the FDIA fail for the same reasons expressed by this court in *ACE Cash Express*: the status of an unnamed party, whether as a national bank or a state-chartered bank, does not bring the named defendants into the coverage of the NBA or FDIA. *See ACE Cash Express*, at p. 2-4 Based on the facts now presented, as well as the reasoning of the aforementioned district courts, the court finds **that status of the unnamed parties, First National Bank in Brookings and Community State Bank, as a national bank and a state-chartered bank, respectively, does not bring Defendants within the coverage of either the NBA [or] the FDIA. Consequently, Defendants' arguments that Plaintiffs' claims are completely**

> **preempted by the NBA and FDIA fail**. *Knox v. First Southern Cash Advance*, No. 7:05CV43 (E.D.N.C., 2005)

*Cmty. State Bank v. Knox*, 2012 U.S. Dist. LEXIS 13209, at 27-28. (Emphasis added.) The claims in the case we now litigate are not preempted by the NBA.

BANA raises the argument that the Dodd-Frank analysis does not apply. The Dodd-Frank Act, 12 U.S.C. § 5301 *et seq.* was drafted to carve out exceptions to the preemption of state law by the National Bank Act of 1864, 12 U.S.C. § 21 *et seq.* Clearly the cases cited *supra* demonstrate that the Dodd-Frank Act exceptions *do* apply. Moreover, *Mulzio*, 2012 U. S. Dist. LEXIS 33186 at p. 4, discusses the very issue of retroactivity in depth and found the retroactivity argument unpersuasive for the preemption analysis on similar state collection laws.

## DEFENDANT'S SECOND ARGUMENT: FAILURE TO STATE A CLAIM

BANA's memorandum states that Mrs. Sacco "acknowledges the existence of a relationship [which would allow BANA to call Mrs. Sacco's cell phone to collect debts owed to BANA] and fails to allege that she affirmatively revoked any such permission at the creation of the relationship." (Defendant Bank Of America, N.A.'s Memorandum of Points and Authorities in Support of Motion to Dismiss, filed 02/29/2012, Doc 5-1, p.13). As the Complaint states, Mrs. Sacco told BANA that they were not to call her again on her cell phone. As such, and without admitting that she ever gave BANA authority to contact her cell phone, she affirmatively withdrew any possible notion of consent for BANA to call her again. Each call thereafter was a violation of the TCPA.

**WHEREFORE**, Plaintiff respectfully requests the following:

1. That this Court overrule the Defendant's Motion to Dismiss.
2. For such other and further relief as this Court deems proper.

**TODAY** is April 16, 2012.

**COLLUM & PERRY**

BY: */s/ M. Shane Perry*
M. Shane Perry, NC Bar No.: 35498
Collum & Perry, PLLC
109 W. Statesville Ave., Mooresville, NC 28115
(704) 663-4187 – Phone
Email: shane@collumperry.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-00006-RLV-DCK

| | |
|---|---|
| DARLENE SUE SACCO,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., Successor by Merger to BAC HOME LOAN SERVICING, L.P.,<br><br>Defendant. | **RESPONSE TO MOTION TO DISMISS** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on March 8, 2012 a copy of the foregoing **RESPONSE TO MOTION TO DISMISS** was served upon all parties to this action as follows:

*Via the CM/ECF System and e-mail:*

Andrew F. Lopez (N.C. Bar No. 39313)
MCGUIREWOODS LLP
201 North Tryon Street, Suite 3000
Charlotte, NC 28202
*Counsel for Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP*

Today is April 16, 2012.

                                                  **COLLUM & PERRY**

BY:   */s/ M. Shane Perry*
        M. Shane Perry, NC Bar No.: 35498
        Collum & Perry, PLLC
        109 W. Statesville Ave., Mooresville, NC 28115
        (704) 663-4187 – Phone
        (704) 663-4178 – Fax
        Email: shane@collumperry.com
        *Attorney for Plaintiff*